JAMES B. BYRNE AND S. M. BYRNE, PLAINTIFF AND RE-
SPONDENT, *v.* LEONARD M. PLANTE, DEFENDANT AND AP-
PELLANT.

No. 11517.
Submitted September 17, 1969.
Decided October 8, 1969.
459 P.2d 266.

Baxter Larson, Wolf Point (argued) for appellant.

Loren J. O'Toole, Plentywood (argued) Kline & Axtell,
John M. Kline, Glasgow (argued) for respondent.

MR. JUSTICE HASWELL delivered the Opinion of the
Court.

This is an appeal by defendant from an order of the dis-
trict court of Roosevelt County dismissing both plaintiffs'
claims and defendant's counterclaims in an action on a farm
lease.

Basically this case involves the lease of approximately 3600
acres of farm land situated in Roosevelt County, owned by

the plaintiffs, James B. Byrne and S. M. Bryne, and leased to the defendant, Leonard M. Plante. The parties, hereafter referred to as the lessors and lessee respectively, entered into a written lease for a term of 5 years in May 1963, which lease existed for approximately 3 years prior to the commencement of this suit.

Among other things, the lessee agreed to "carry on and cultivate the said farm during the period of this lease and farm and cultivate the said lands to the best advantage and according to his best skill and judgment * * * secure the crops grown thereon in a farmerlike style and in the best manner during the period of this agreement". The lessee was to have "the use of all buildings necessary for the care of the machinery and for the storage of the grain raised on the land * * * supply all labor for the farm * * * [and] keep the said machinery in good running order". In addition to the use of pasture land, the lessee was to be allowed to "put up enough hay for the care of his stock that he is raising for his own use."

Lessors were to supply "All machinery necessary to care for the summer fallow, put in and take off the crop and to properly operate the said farm"; provide living quarters for the lessee and his family and "all fuel for the dwelling house * * * and all electricity used on the farm is to be paid for by the Lessors."

In addition to other duties and responsibilities of the parties, the lease explicitly details the division of expenses, costs, and profits, ending with a termination date and an express option in the lessee to renew the lease for a like period.

This action was commenced by the lessors in January, 1966, alleging that the lessee had breached various provisions of the lease; sought cancellation of the lease, restoration of the property, and damages. The lessee answered denying the allegations of the complaint, and in addition counterclaimed for the peaceful and undisturbed possession of the land under the

terms of the lease, or in the alternative, for damages predicated on 11 separate alleged breaches of the lease by the lessors.

The case came on for trial on April 29, 1968. At 9:15 a.m. on that day the lessors, in chambers, orally moved to dismiss their complaint *and* the lessee's counterclaims on the ground there was no issue of fact to be decided and that as a matter of law neither party could recover. The basis of lessors' motion was their contention that the lessee's counterclaims were based on constructive eviction which was waived by the lessee's failure to leave the farm within a reasonable time thereafter.

The lessee resisted dismissal of his counterclaims on the ground that constructive eviction is but one of several concepts under which lessee was entitled to recover and in any event, the issue of reasonableness of the time interval between the alleged constructive eviction and lessee's removal from the premises was a disputed issue of fact.

Lessors' motion was taken under consideration by the district court and at 9:40 a.m. on the same day, in open court, the motion was granted in its entirety. The court in addressing the assembled jury stated:

"[Y]ou must appreciate that *I have not had an opportunity to study the matters involved in this case, until this morning* * * * *and I have taken a hasty look at the law in this matter* * * * *and reading the depositions involved, and in consideration of the undisputed facts,* it is the opinion of this Court that there is no law suit here to be tried on the part of either the Plaintiff or the Defendant * * * I regret that this could not have been taken care of sooner * * * and you are discharged". (Emphasis supplied.)

Thus it is clear that the trial court treated lessor's motion for dismissal as a motion for summary judgment; otherwise the trial court would not have considered the depositions and the facts in ruling thereon.

The sole issue on this appeal is whether the district court erred in granting lessors' motion for summary judgment. Rule 56(c), M.R.Civ.P., provides in pertinent part as follows:

"* * * The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file show that there is *no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.* * * *" (Emphasis supplied).

This Court quoting with approval 6 Moore F.P.2d, § 56.15, in Kober & Kyriss v. Billings Deac. Hosp., 148 Mont. 117, 121, 417 P.2d 476, said:

" 'The courts are in entire agreement that the moving party for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which, under applicable principles of substantive law, entitle him to judgment as a matter of law.

" 'The courts hold the movant to a strict standard. To satisfy his burden the movant must make a showing that is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact.' " Also see discussion of Rule 56, M.R.Civ.P., in Silloway v. Jorgenson, 146 Mont. 307, 406 P.2d 167.

We hold that here the lessors have failed to sustain the burden of showing the absence of any genuine issue as to material facts. Rather the reverse is evident in the instant case, for the record before this Court on appeal is replete with issues of fact determinable by a jury.

Lessors' argument turns upon the proposition that lessee's counterclaims are based on constructive eviction which was waived by his remaining on the leased farm for an unreasonable time thereafter. Even if this were true, which it is not, the reasonableness of the time interval before the lessee left the premises is a jury question under the circumstances disclosed here. See Sewell v. Hukill, 138 Mont. 242, 356 P.2d 39.

But our decision herein is based on stronger grounds than this. Here the counterclaims of the lessee clearly raise issues as to breeach of a covenant of quiet enjoyment by the lessors as well as several other alleged breaches of the lease by them. Clear factual issues tending to establish these claims are apparent from the depositions, particularly the lessee's, thereby precluding summary judgment on the counterclaims.

We therefore reverse the order of the district court dismissing the action and remand this cause to the district court for further proceedings in the same posture that existed prior to entry of the summary judgment.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES CASTLES and JOHN CONWAY HARRISON, and THOMAS DIGNAN, District Judge, sitting in place of MR. JUSTICE JOHN W. BONNER, concur.