No. 12080

IN THE SUPREME COURT OF THE STATE OF MONTANA

1972

---

THE HOME INSURANCE COMPANY, a corporation,

Plaintiff and Appellant,

-vs-

PINSKI BROTHERS, INC., a corporation,
KENNETH K. KNIGHT and A. ANDREW VAN TEYLINGEN,
co-partners, doing business as KNIGHT & VAN TEYLINGEN,
---------------------Defendants and Respondents.

KENNETH K. KNIGHT,

Counterclaimant,

-vs-

HOME INDEMNITY COMPANY, a corporation,

Involuntary Plaintiff and Defendant to
Counterclaims and Appellant.

---

Appeal from: District Court of the Eighth Judicial District,
Honorable Paul Hatfield, Judge presiding.

Counsel of Record:

For Appellant:

Smith, Emmons & Baillie (Home Indemnity), Great Falls,
Montana.
Alexander, Kuenning, Hall & Miller (Home Insurance Company),
Great Falls, Montana.
John Hall argued, Great Falls, Montana.

For Respondents:

Church, Harris, Johnson & Williams, Great Falls, Montana,
(Pinski Brothers).
Jack L. Lewis argued, Great Falls, Montana.
Jardine, Stephenson, Blewett & Weaver, Great Falls, Montana.
Scott & Linnell, Great Falls, Montana.
Wayne E. Linnell argued, Great Falls, Montana.
Loble, Picotte & Loble, Helena, Montana.

---

Submitted: June 12, 1972

Decided: AUG 22 1972

Filed: AUG 22 1972

*Thomas J. Kearney*
Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

In an action between an insurer and its insured involving the insurer's subrogation rights and the insured's right to damages for breach of the insurance contract, the district court of Cascade County, the Hon. Paul G. Hatfield, district judge presiding, granted summary judgment to the insured. The insurer now appeals from such summary judgment.

Plaintiff in the original action was The Home Insurance Company who paid off a property damage loss of approximately $135,000 resulting from a boiler explosion at the old Montana Deaconess Hospital in Great Falls and claimed subrogation to the rights of the hospital against those allegedly responsible. After various dismissals by the district court, the remaining defendants were (1) Pinski Bros, Inc., the mechanical contractor on the hospital remodeling project where the boiler explosion occurred, and (2) the architects on the project, Kenneth K. Knight and A. Andrew Van Teylingen, copartners, doing business as Knight & Van Teylingen.

The complaint of The Home Insurance Company alleged three counts of negligence against the architects which it claimed was the cause of the boiler explosion and the resulting property damage loss. The architects tendered defense of the action to The Home Indemnity Company, a wholly owned subsidiary of plaintiff Home Insurance Company, with whom the architects carried a comprehensive liability policy. The Home Indemnity Company refused this tender, the architects hired their own defense counsel, and filed an answer containing, among other things, a "Twelfth Defense, Counterclaim and Setoff" by one of the architects, Kenneth K. Knight. Therein Knight alleged that insurance coverage was afforded under the architects' comprehensive liability policy with The Home Indemnity Company; that such coverage constituted a defense against the claim of the parent company, The Home Insurance Company, and that The Home Indemnity Company was liable for the costs and expenses, including attorney fees, incurred in defending the action and prosecuting

- 2 -

the counterclaim and setoff. It was stipulated that The Home Insurance Company and The Home Indemnity Company are one and the same corporate entity.

Subsequently the district court, in effect, granted summary judgment to The Home Indemnity Company against the architects on all issues of insurance coverage under their comprehensive liability policy, dismissed the "Twelfth Defense, Counterclaim and Setoff" of architect Knight, and ordered the subrogation action of The Home Insurance Company against the architects to continue.

Upon appeal, we held that the alleged negligent design, supervision and inspection of the hot water heating system by the architects (Count I of the complaint by The Home Insurance Company against the architects) was within the coverage of the architects' comprehensive liability policy; we further held that Counts II and III of the complaint were not within the coverage of the architects' policy. We vacated the district court's findings of fact, conclusions of law and judgment from which the appeal was taken and remanded the case to the district court for consideration of the further issues raised by The Home Insurance Company's motion for summary judgment against architect Knight on his "Twelfth Defense, Counterclaim and Setoff" and entry of appropriate findings, conclusions and judgment. See The Home Insurance Company v. Pinski Bros., Inc., 156 Mont. 246, 479 P.2d 275.

Prior to hearing this former appeal, pretrial conferences were held by the district court at which time three developments pertinent to this appeal occurred: (1) The Home Insurance Company settled its claim against Pinski Bros., leaving the architects as the sole remaining defendants, (2) The Home Insurance Company offered to settle its claim against the architects within the limits of coverage claimed by them under their comprehensive liability policy with The Home Indemnity Company, leaving unsettled the then pending former appeal, (3) the architects were permitted to amend their answer by adding a "Thirteenth Defense and Counterclaim", in essence the same

- 3 -

defense, counterclaim and setoff, for the architects named in the caption of the suit as was contained in architect Knight's "Twelfth Defense, Counterclaim and Setoff".

Following this Court's decision on the former appeal, the architects moved (1) for summary judgment against The Home Insurance Company on its complaint against them, and (2) for partial summary judgment on the issue of liability against The Home Insurance Company and The Home Indemnity Company on the counterclaim aspects of the architects' twelfth and thirteenth defenses, counterclaims and setoffs.

Thereafter following hearing, the district court entered its "Findings of Fact, Conclusions of Law, Order, Memorandum Opinion, and Summary Judgment". Therein the district court of Cascade County as directed by this Court's order of remand in the former appeal, made findings of fact and conclusions of law with respect to Home Indemnity's motion for summary judgment against the architects. The district court found and concluded that The Home Indemnity Company had not pointed out or suggested to the district court any facts which required entry of summary judgment in favor of The Home Indemnity Company or which had not been ruled upon and decided by this Court in the earlier appeal, and that The Home Indemnity Company insured the architects for the liability claimed against them by Count I of the complaint of The Home Insurance Company. In addition, the district court (1) concluded that the controlling facts were undisputed and there was no genuine issue of material fact; (2) held that the architects could not be liable to The Home Insurance Company by reason of: (a) contributory negligence, (b) assumption of risk, (c) intervening cause, and (d) insurance coverage under the Home Indemnity Company policy and its breach of duty to defendant under its policy; (3) entered summary judgment in favor of the architects on The Home Insurance Company's complaint against them; (4) entered partial summary judgment as to the issue of liability in favor of architect Knight on his twelfth defense

- 4 -

and counterclaim against The Home Indemnity Company for all costs, expenses, attorney fees, etc., incurred on behalf of Knight in defending against the claim of Home Insurance and in prosecuting his claim for insurance coverage against Home Insurance; and (5) withheld until after the summary judgment became final the setting of a trial date for determination of the amount of damages to be awarded architect Knight for defense costs.

Home now appeals from this summary judgment.

We will summarize the underlying issues upon appeal in this manner:

1. Is there a genuine issue of material fact precluding summary judgment in favor of the architects on Home's complaint against them?

2. Is there a genuine issue of material fact precluding partial summary judgment on the issue of liability in favor of architect Knight against The Home Indemnity Company for his costs of defense herein?

3. Must Home pay all attorney fees and court costs incurred in this action?

Directing our attention to the first issue, we first review the basic requirements for granting a summary judgment. Rule 56(c), M.R.Civ.P., requires that a summary judgment shall be granted forthwith if:

> " * * * the pleadings, depositions, answers to interrogatories, and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.* * *"

The burden of establishing the absence of any issue of material fact is on the party seeking summary judgment. Roope v. The Anaconda Company ___Mont. ___, 494 P.2d 922, 29 St.Rep. 170; Byrne v. Plante, 154 Mont. 6, 459 P.2d 266. Where the record before the court discloses no genuine issue as to any material fact, the burden is upon the party opposing entry of summary judgment to present evidence of a material and substantial nature raising a genuine issue of material fact. Roope v. The Anaconda Company, supra; Flansberg v. Montana Power Company, 154 Mont. 53, 460 P.2d 263.

Applying these basic rules to the problem at hand we note that all

- 5 -

other questions aside, the record before the Court discloses that subsequent acts of hospital employees precipitated and caused the boiler explosion irrespective of anything the architects allegedly did or failed to do previously. The deposition of William Even, the chief engineer at the hospital, establishes the fact that the employee engineers at the hospital knew the hot water heating system being installed was without safety devices, appreciated the danger of "firing up" the system before safety devices had been installed, but nevertheless proceeded to "fire up" the system which resulted in the boiler explosion. There are no facts to the contrary appearing in the voluminous record in this case. The foregoing facts establish, at the very least, the defenses of assumption of risk and an efficient intervening cause. Under such circumstances, it is incumbent upon Home to present evidence of a substantial and material nature which raise a genuine issue of material fact. Having failed to do so, Home cannot now complain that the architects are not entitled to a summary judgment as a matter of law.

There is yet a further and perhaps more cogent reason why summary judgment for the architects on Home's complaint against them is correct. Here, it is undisputed that the architects have insurance coverage to the extent of $25,000 under their Home Indemnity comprehensive liability policy; that Home Indemnity and Home Insurance are one and the same corporate entity; that Home as a subrogated insurer of one of its policyholders (the Deaconess Hospital) has sued another of its policyholders (the architects) whom it has insured against the very liability for which it seeks recovery in Count I of its complaint in an amount in excess of the policy limits.

Subrogation is an equitable right. Caledonia Ins. Co. v. Northern Pacific Ry. Co., 32 Mont. 46, 79 P. 544; Swingley v. Riechoff, 112 Mont. 59, 112 P.2d 1075. Accordingly, certain equity principles apply in determining subrogation rights: One who seeks equity must do equity, Hall v. Lommasson, 113 Mont. 272, 124 P.2d 694; Tomsheck v. Doran, 126 Mont. 598, 256 P.2d 538;

- 6 -

Barbour v. Barbour, 134 Mont. 317, 330 P.2d 1093. One who seeks equity must come into court with clean hands, Perry v. Luding, 123 Mont. 570, 217 P.2d 207;Giarratana v. Naddy, 129 Mont. 154, 284 P.2d 254; Weintz v. Bumgarner, 150 Mont. 306, 434 P.2d 712. "No one can take advantage of his own wrong." Section 49-109, R.C.M. 1947.

To permit the insurer to sue its own insured for a liability covered by the insurance policy would violate these basic equity principles, as well as violate sound public policy. Such action, if permitted, would (1) allow the insurer to expend premiums collected from its insured to secure a judgment against the same insured on a risk insured against; (2) give judicial sanction to the breach of the insurance policy by the insurer; (3) permit the insurer to secure information from its insured under the guise of policy provisions available for later use in the insurer's subrogation action against its own insured; (4) allow the insurer to take advantage of its conduct and conflict of interest with its insured; and (5) constitute judicial approval of a breach of the insurer's relationship with its own insured.

No right of subrogation can arise in favor of an insurer against its own insured since, by definition, subrogation exists only with respect to rights of the insurer against third persons to whom the insurer owes no duty. 16 Couch on Insurance 2d, § 61:133; see also 46 C.J.S. Insurance § 1209(b); 16 Couch on Insurance 2d, § 61:136. This principle is succinctly stated in Chenoweth Motor Co. v. Cotton, 2 Ohio Misc. 123, 207 N.E.2d 412, 413:

> " * * * it is axiomatic that [an insurance company] has no
> subrogation rights against the negligence of its own
> insured." (Bracketed material paraphrased).

To allow subrogation under such circumstances would permit an insurer, in effect, to pass the incidence of the loss, either partially or totally, from itself to its own insured and thus avoid the coverage which its insured purchased. 2 Richards on Insurance, § 185, states the same principle in this language:

- 7 -

"An insurer clearly may be subrogated to its insured's claim against a third party who tortiously causes the loss, but no subrogation exists against the insured or co-insured whose negligence caused the loss."

For the foregoing reasons, we hold summary judgment in favor of the architects on Home's subrogation complaint against them is correct and is hereby affirmed.

Proceeding to the second issue for review, we note that the counter-claim of architect Knight for his costs of defense is bottomed on a breach by the insurer of Home Indemnity's comprehensive liability policy with Knight.  Since The Home Insurance Company which sued Knight for his alleged negligence is one and the same corporate entity as The Home Indemnity Company, the actions of one are the actions of the other.  Having refused to defend Knight against Home's complaint alleging negligence within Knight's policy coverage, Home's refusal to defend constituted a breach of contract even if based on an honest mistake, thereby rendering Home liable for defense costs resulting from such breach.  14 Couch on Insurance 2d, §§ 51:50, 51:52; 49 ALR2d 694, 701, 711; 7A Appleman, Insurance Law and Practice, § 4689; Independent Milk & Cream Co. v. Aetna Life Ins. Co., 68 Mont. 152, 216 P. 1109; Mid-Century Ins. Co. v. American Casualty Co., 152 Mont. 328, 449 P.2d 679.  Inasmuch as there is coverage for the first count in Home's complaint against the archi-tects, denial of coverage and defense was unjustified even though there was no coverage for the second and third counts in Home's complaint.  41 ALR2d 434; 14 Couch on Insurance 2d, §§ 51:43, 51:50; 7A Appleman, Insurance Law & Practice, § 4683.

As there is no conflict in the foregoing facts appearing in the records of this case, we hold that the partial summary judgment on the issue of liability for defense costs is correct and must be affirmed.

The final issue for review is whether Home must pay all attorney fees and court costs herein.  Home argues that while it may be liable for defense costs, it is not liable for attorney fees, expenses and court costs involved

in architect Knight's counterclaim against it or in defending against the second and third counts in Home's complaint which are not covered by Knight's policy.

In our view it would not be possible to separate or segregate such defense costs from costs involved in prosecuting Knight's counterclaim in any event. Even if such were possible, Home has been the moving party throughout this litigation and the party whose wrongful acts made it necessary for the architects to defend themselves against both covered and noncovered claims, as well as the counterclaim of architect Knight for breach of contract in denying insurance coverage and refusal to defend. Under such circumstances the wrongful acts of the insurer (1) in suing its insured under its nonexistent subrogation rights on both covered and noncovered claims, and (2) its refusal to defend this action on behalf of architect Knight, constituted breaches of its obligation and duty rendering the insurer liable for damages by way of attorney fees, expenses, and court costs occasioned thereby. This Court has extensively discussed the insurer's duty to defend in St. Paul Fire & Marine Ins. Co. v. Thompson, 150 Mont. 182, 433 P.2d 795. The following cases so hold with respect to the counterclaim for insurance coverage: Runyan v. Continental Casualty Company, 233 F.Supp. 214; Utilities Construction Corp. v. Peerless Ins. Co., 233 F.Supp. 64; Southwestern Bell Tel. Co. v. Western Casualty & Sur. Co., 269 F.Supp. 315. The following authorities so hold with respect to a complaint containing both covered and noncovered claims: St. Paul Fire & Marine Ins. Co. v. Hodor, Fla.(1967), 200 S.2d 205; 50 ALR2d 458, 469, 506.

We note the district court did not fix the amount of damages by way of attorney fees, court costs, and expenses for which Home is liable to the architects in defending against Home's complaint or to architect Knight, architect Van Teylingen, or the architectural firm. Instead, the district court only prescribed the criteria on which such award would be based upon

future trial to establish the amount of damages. Any determination of the dollar amount of damages or the criteria therefor at this time is premature.

For the foregoing reasons, the judgment of the district court is affirmed. This cause is remanded to the district court for trial and determination of the amount of damages.

_____
Associate Justice

We concur:

_____
Chief Justice

_____

_____
Associate Justices