[Civ. No. 51487. First Dist., Div. Five. May 17, 1983.]

ADALBERTO LONGORIA, Plaintiff and Appellant, v.
HENGEHOLD MOTOR COMPANY, Defendant and Respondent.

COUNSEL

Robert J. Brockman for Plaintiff and Appellant.

Louis E. McDonough and Van Loucks & Hanley for Defendant and Respondent.

OPINION

**HANING, J.**—Plaintiff/appellant Longoria appeals from a judgment of dismissal entered after defendant/respondent Hengehold's demurrer was sustained without leave to amend. The action arises from a two-car collision between husband and wife. The wife was driving the family car which was damaged as a proximate result of the negligent operation of a truck driven by her husband but owned by Hengehold. Longoria insured husband and wife with a collision policy for their car, paid them for their loss and then sued Hengehold on a subrogation theory.

Vehicle Code section 17150 imposes liability upon the owner of a motor vehicle for damages to persons or property resulting from its negligent operation by a permissive user. Section 17153 provides that an owner sustaining such a loss may recover reimbursement from the driver. ██ The issue is whether an insurer can subrogate against a tortfeasor who has a statutory right of reimbursement against the insured party. We hold it cannot and affirm the judgment.

*St. Paul Fire & Marine Ins. Co.* v. *Murray Plumbing & Heating Corp.* (1976) 65 Cal.App.3d 66 [135 Cal.Rptr. 120], held, in a case of first impression in California, that an insurer may not subrogate against a coinsured of its subrogor. In its ruling, the court adopted the reasoning of decisions from other jurisdictions, particularly *Home Insurance Company* v. *Pinski Brothers, Inc.* (1972) 160 Mont. 219 [500 P.2d 945], and *New Amsterdam Casualty Company* v. *Homans-Kohler, Inc.* (D.R.I. 1969) 305 F.Supp. 1017.

" 'To permit the insurer to sue its own insured for a liability covered by the insurance policy would violate these basic equity principles, as well as violate sound public policy. Such action, if permitted, would (1) allow the insurer to expend premiums collected from its insured to secure a judgment against the same insured on a risk insured against; (2) give judicial sanction to the breach of the insurance policy by the insurer; (3) permit the insurer to secure information from its insured under the guise of policy provisions available for later use in the insurer's subrogation action against its own insured; (4) allow the insurer to take advantage of its conduct and conflict of interest with its insured; and (5) constitute judicial approval of a breach of the insurer's relationship with its own insured.

" 'No right of subrogation can arise in favor of an insurer against its own insured since, by definition, subrogation exists only with respect to rights of the insurer against third persons to whom the insurer owes no duty. 16 Couch on Insurance 2d, § 61:133; see also 46 C.J. Insurance § 1209(b); 16 Couch on Insurance 2d, § 61:136. This principle is succinctly stated in Chenoweth Motor Co. v. Cotton, 2 Ohio Misc. 123, 207 N.E.2d 412, 413: "* * * it is axiomatic that [an insurance company] has no subrogation rights against the negligence of its own insured." (Bracketed material paraphrased). To allow subrogation under such circumstances would permit an insurer, in effect, to pass the incidence of the loss, either partially or totally, from itself to its own insured and thus avoid the coverage which its insured purchased. [Quoting *Home Ins. Co., supra,* 500 P.2d at p. 949.]'

" '. . . . . . . . . . . . . . . . . . .

" 'It is well settled that the rule that an insurer who has paid the loss from a peril insured against may be subrogated to the claims which the insured may have against any person whose negligence caused the injury does not apply in a case where the injury was caused by the negligence of the insured himself. American Surety Co. of New York v. Canal Insurance Co., 1958, 4 Cir., 258 F.2d 934; Builders & Manufacturers Mut. Casualty Co. v. Preferred Automobile Ins. Co., 1941, 6 Cir., 118 F.2d 118; Federal Ins. Co., et al. v. Tamiami Trail Tours, Inc., et al., 1941, 5 Cir., 117 F.2d 794; 16 Couch on Insurance 2d Subrogation, Sec. 61:133. [Quoting *New Amsterdam Casualty Company, supra,* 305 F.Supp. at pp. 1019-1020.]' " (*St. Paul Fire, supra,* 65 Cal.App.3d at pp. 75-76.)

The logic and equities of these decisions are equally applicable here. Although they concern contractual rights and obligations, the same end result occurs when such rights and obligations are created by statute. If the insurer is permitted to recover from the owner, then the owner can recover from the insured. In effect, the insured would be covering his own loss, despite the in-

surer's having accepted premiums to do so. This inequitable result contravenes public policy.

Judgment is affirmed.

Low, P. J., and King, J., concurred.