MR. CHIEF JUSTICE HASWELL
delivered the Opinion of the Court.
This is an appeal from a summary judgment of the Gallatin County District Court. Truck Insurance Exchange, plaintiff in a declaratory judgment action below and appellant here, challenges the District Court’s interpretation of an insurance contract issued by appellant to Action Sales, Inc. The court found coverage effective for post-expiration injury where the defective product was sold while the policy was still in force. The court ordered payment of judgment *420 and attorney fees. We affirm.
In June 1976 Richard Woldstad purchased a pickup-mounted camper from Action Sales, Inc. (Action). The camper was equipped with a propane furnace designed, manufactured and sold by Hydro-Flame Corp.
On March 3, 1980, Richard Woldstad was using the camper in the vicinity of Manhattan, Montana. The camper exploded and Woldstad sustained injuries which caused his death on March 9, 1980.
At the time Woldstad purchased the camper from Action, Action was insured by Truck Insurance Exchange (Truck) for damages arising out of an occurrence such as that which caused Woldstad’s death. After the purchase but prior to the accident, the coverage was canceled.
Marie Woldstad (Woldstad), individually and as personal representative of the estate of Richard C. Woldstad, filed a wrongful death suit against Action and Hydro-Flame. Action attempted to tender defense of the suit to Truck. Truck declined coverage and refused to defend. Action defended the suit and later informed Truck of a settlement offer made by Woldstad. At that time, Action demanded Truck either settle within the policy limits or unconditionally assume Action’s defense. Truck informed Action that Truck would neither respond to the settlement offer nor assume Action’s defense. Later, Action informed Truck that Action intended to enter into a consent judgment with Woldstad in the amount of $225,000 with a covenant not to execute and asked Truck if it had changed its position. Truck did not respond. Action then entered into an agreement for entry of consent judgment with Woldstad for $225,000.
Nearly nine months later the District Court ruled on Woldstad’s and Truck’s cross-motions for summary judgment, holding the policy issued by Truck to Action covered the claims brought against Action by Woldstad. Woldstad ' then moved for summary judgment against Truck to compel payment of the consent judgment. Action joined in *421 Woldstad’s motion and further sought attorney fees and costs.
On November 10, 1983, the District Court ordered Truck to pay the consent judgment. Six days later Truck appealed, and this Court remanded the matter to the District Court for a hearing on the issue of fees. On December 21, 1983, the District Court ordered Truck to pay Action $2,446.65 in attorney fees and costs. Truck now appeals, and the following issues are raised:
1. Does the policy issued by Truck to Action provide coverage for a product sold during the term of coverage when the product causes injury after the policy has expired?
2. If there is coverage, is Truck legally obligated to pay Action’s attorney fees and costs with regard to this matter?
I
The first issue to be addressed is whether the policy issued by Truck provided coverage for damages for a product sold during the term of the coverage when the product caused injury after the policy had expired, lender the circumstances of this case, we affirm the ruling of the District Court that the policy issued by Truck provided coverage for such damage.
It is undisputed that at the date of the sale of the camper there was coverage in effect which applied to the type of claims asserted by Woldstad. Truck maintains, however, that the policy clearly limits their liability to damages which occur during the policy term. Respondents argue that there is no clear limiting language and that the terms of the policy are at best ambiguous and, therefore, must be construed in their favor. The District Court found the policy ambiguous, held for respondents, and we affirm both the holding and the reasons for that holding.
The critical portions of coverage at issue here are those relating to completed operations hazard and products hazard.
“Completed Operations Hazard” is, in part, defined as _ *422 follows:
“(d) ‘Completed Operations Hazard’ includes bodily injury and property damage arising out of operations or reliance upon a representation or warranty made at any time with respect thereto, but only if the bodily injury or property damage occurs after such operations have been completed or abandoned and occurs away from premises owned by or rented to the name insured. ‘Operations’ include materials, parts or equipment furnished in connection therewith.
“Products Hazard” is defined as:
“ ‘Products hazard’ includes bodily injury and property damage arising out of the named insured’s products or reliance upon a representation or warranty made at any time with respect thereto, but only if the bodily injury or property damage occurs away from premises owned by or rented to the named insured and after physical possession of such products has been relinquished to others.”
“Bodily Injury” is defined in the policy as follows:
“ ‘Bodily Injury’ means bodily injury, sickness or disease, including death at anytime resulting therefrom, sustained by any person.” (Emphasis added.)
There is no language in the above definitions which provides that the damage must occur while the policy is in force.
Truck argues that the section of the policy entitled “General Conditions; Applicable to Entire Policy” states that the policy applies only to bodily injury or property damage occurring during the policy period. We find, however, as did the District Court, that this section does not apply to the portions of the policy dealing with products hazard and completed operations hazard coverage because the general limiting language states “. . . except as otherwise provided herein.” The policy provides otherwise in the sections dealing with products hazard and completed operations hazard by not specifically limiting the coverage therein.
Truck also maintains that a clause in the policy limits “liability for all damages arising out of the products hazard *423 and completed operations hazard during the twelve-month period beginning with the effective date of such coverage provided the bodily injury or property damage occurs while the policy is in force ...” This limiting language specifically applies only to coverage “C, D, E” of the policy, and neither products hazard nor completed operations hazard are contained in parts C, D or E of the policy.
The hazard clauses specifically provide coverage for future injury arising from product sales. The act giving rise to liability occurred when the camper was sold and while the policy was admittedly still in force. While an insurer may limit its liability in this area, the limiting language must be clear and unambiguous. The provisions of this policy with regard to products hazard or completed operations hazard coverage and the sections dealing with policy limitations, taken as a whole, are ambiguous. It is the rule of construction in Montana that language of limitation or exclusion must be clear and unequivocal; otherwise, the policy will be strictly construed in favor of the insured. Terry v. National Farmers Union Life Insurance Co. (1960), 138 Mont. 333, 356 P.2d 975; Atcheson v. Safeco Insurance Co. (1974), 165 Mont. 239, 527 P.2d 549; Fassio v. Montana Physicians’ Service (1976), 170 Mont. 320, 553 P.2d 998; Lindell v. Ruthford (1979), 183 Mont. 135, 598 P.2d 616; Northwestern Nat. Gas. Co. v. Phalen (1979), 182 Mont. 448, 597 P.2d 720.
II
The second issue is whether Truck is obligated to pay Action’s attorney fees and costs with regard to this matter. We have held that an insurer’s breach of contract, in this case refusal to defend, renders the insurer liable for the defense costs resulting from the breach. Home Insurance Company v. Pinski Brothers, Inc. (1972), 160 Mont. 219, 500 P.2d 945.
In this matter Action made repeated requests of Truck to assume the defense and Truck refused or failed to respond. *424 Action was forced to retain counsel for the wrongful death action as well as the declaratory judgment action. In light of Truck’s breach, we find Truck liable for Action’s attorney fees and costs in defense of this matter.
Affirmed and remanded to the District Court for determination of attorney fees and costs.
MR. JUSTICES HARRISON, MORRISON and SHEEHY concur.