No. 86-89

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

RICHARD PAYNE and SHIRLEY PAYNE,

       Plaintiffs and Appellants,

  -vs-

SAFECO INSURANCE COMPANIES OF
AMERICA,

       Defendant and Respondent.

APPEAL FROM: District Court of the Sixth Judicial District,
In and for the County of Park,
The Honorable Byron Robb, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Knuchel & McGregor; Karl Knuchel, Livingston, Montana

    For Respondent:

        Landoe, Brown, Planalp, Kommers & Johnstone; Gene I.
Brown, Bozeman, Montana

Submitted on Briefs: May 15, 1986

Decided: June 24, 1986

Filed: JUN 24 1986

_____
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Richard and Shirley Payne held a homeowners insurance policy with Safeco Insurance Companies of America (Safeco). They appeal the summary judgment of the District Court for Park County that their Safeco policy did not cover fire damage to several antique vehicles. We affirm.

The issue is whether the District Court correctly determined that the Paynes' insurance policy clearly and unambiguously excludes the antique cars from coverage.

The Paynes own several antique vehicles, only one of which is licensed for road use. In March 1984, the garage containing the antique vehicles burned, damaging the vehicles. The Paynes' insurance policy provided:

> This coverage excludes: . . . 2. motorized vehicles, except such vehicles pertaining to the service of the premises and not licensed for road use.
> . . .

Safeco denied coverage for damage to the vehicles based on this provision.

The Paynes filed a complaint against Safeco alleging failure to pay under the policy, bad faith, and breach of contract. Safeco filed a motion for summary judgment based on the above provision. The trial judge granted Safeco's motion for summary judgment, stating that the language of the policy was plain, clear, and unambiguous, that no further discovery would change the terms of the insurance contract, and that Safeco's denial of the Paynes' claim could not be considered as bad faith.

The Paynes contend that a reasonable person could read the exclusionary provision as excluding coverage for motorized vehicles except for two types, 1) vehicles which were

used to service the premises, or 2) vehicles which were unlicensed for road use. They argue that since the policy provision is ambiguous, it must be construed against the insurer. They city Truck Ins. Exchange v. Woldstad (Mont. 1984), 687 P.2d 1022, 41 St.Rep. 1750. In that case, the Court stated, "[i]t is the rule of construction in Montana that language of limitation or exclusion must be clear and unequivocal; otherwise, the policy will be strictly construed in favor of the insured." Truck Ins., 687 P.2d at 1024-25.

The above rule is set forth in our statutes. Section 28-3-303, MCA, provides the general rule:

> Writing generally to determine intention. When a contract is reduced to writing, the intention of the parties is to be ascertained from the writing alone if possible, subject, however, to the other provisions of this chapter.

Section 28-3-206, MCA, sets forth the exception for ambiguity:

> Uncertainty to be resolved against party causing it. In cases of uncertainty . . . the language of a contract should be interpreted most strongly against the party who caused the uncertainty to exist . . .

We conclude that the insurance policy clause at issue here is within the general rule. The grammatical structure of the clause is such that both "pertaining to the use of the premises" and "not licensed for road use" modify the same word, "vehicles." If the clause was meant to include two exceptions to the coverage exclusion, it would properly be written either with a disjunctive 'or' between the exceptions, or as: "vehicles pertaining to the service of the premises and vehicles not licensed for road use . . .." As it is written, the policy clearly and unambiguously covers only those vehi-

3

cles which meet <u>both</u> of the requirements set forth in the provision.

There have been no allegations that the antique vehicles in any way pertained to the service of the premises. We therefore affirm the District Court's conclusion that, as a matter of law, the Safeco insurance policy did not provide coverage for damage to the Paynes' antique vehicles.

Affirmed.

_____
Justice

We Concur:

_____

_____

_____

_____
Justices

4