**IOWA MUTUAL INSURANCE COMPANY, a corporation, Plaintiff,**

v.

**Jeffrey DAVIS and Curtis Beck, Defendants.**

**No. CV–85–147–GF.**

United States District Court, D. Montana, Great Falls Division.

May 18, 1988.

James E. Aiken, Jardine, Stephenson, Blewett & Weaver, Great Falls, Mont., for plaintiff.

---

Gary M. Zadick, Alexander, Ugrin, Zadick & Slovak, Great Falls, Mont., for Jeffrey Davis.

Erick B. Thueson, Helena, Mont., for Curtis Beck.

## MEMORANDUM AND ORDER

HATFIELD, District Judge.

The plaintiff, Iowa Mutual Insurance Company, instituted the present declaratory judgment action seeking a declaration of its rights and liabilities under an automobile liability insurance policy. On February 2, 1987, the court initially granted summary judgment in favor of defendants Davis and Beck with respect to the principal claim asserted by the plaintiff. On July 30, 1987, however, the court, pursuant to motion of the plaintiff, vacated its order granting summary judgment to the defendants, and certified the controlling question of law upon which the issue of coverage turned to the Montana Supreme Court. Pending resolution by that court of the certified question of law, the court stayed all further proceedings in this action. On March 18, 1988, the Montana Supreme Court issued a decision adopting, in essence, the position advanced by the defendants in the case at bar. *Iowa Mutual Insurance Company v. Davis,* — Mont. —, 752 P.2d 166, 45 St.Rptr. 514 (1988). To date, no party has moved the court to reinstitute proceedings in the present action by moving the court for summary judgment, or requesting the court to convene a discovery scheduling conference with respect to the principal complaint of the plaintiff or the counterclaims of the defendants. Review of the record reveals, however, that both defendants have moved the court to enter an order granting each of them an award of attorneys' fees and costs incurred in defending the plaintiff's principal complaint for declaratory relief.

Cognizant of the fact that both defendants have pled a counterclaim, sounding in tort, for monetary relief, it may be premature to address the propriety of an award of attorneys' fees. Nonetheless, in view of the fact that the plaintiff has voiced no objection to the resolution of that issue at this juncture, the court shall address the merits of the defendants' motion in general.

In a declaratory judgment action brought pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, where jurisdiction is based upon diversity of citizenship, 28 U.S.C. § 1332, attorneys' fees may be recovered, in the discretion of the court, if recovery would be in accord with state law. *Royal Indemnity Company v. Kenny Construction Company,* 528 F.2d 184, 190 (7th Cir.1975); *Western World Insurance Company v. Harford Mutual Insurance Company,* 602 F.Supp. 36, 37 (D.Md.1985), *affirmed in part and reversed in part on other grounds,* 784 F.2d 558 (4th Cir.1985); *Mattocks v. Daylin, Inc.,* 452 F.Supp. 512, 516 (W.D.Pa. 1978), *affirmed,* 614 F.2d 769 (3rd Cir. 1979). Consequently, where recovery of attorneys' fees would not be in accord with state law, the federal court sitting in diversity should not award attorneys' fees with respect to the declaratory judgment action. *Id.*

Montana has long followed the so-called "American Rule" regarding the recoupment of attorneys' fees as costs of litigation in civil suits. The American Rule provides that absent statutory or contractual authority to the contrary, the prevailing party in civil litigation is not entitled to an award of attorneys' fees, either as costs of the action or as an element of damages. *See, Martin v. Crown Life Insurance Company,* 202 Mont. 461, 658 P.2d 1099, 1103 (1983); *see also, Alyeska Pipeline Service Company v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). The Montana Supreme Court has recently reiterated Montana's adherence to the common law rule. *See, Tynes v. Bankers Life Company,* — Mont. —, 730 P.2d 1115 (1986).[1]

---

**1.** Exceptions have been recognized to the general rule. *See, State ex rel Florence–Carlton Consolidated Schools v. District Court,* — Mont. —, 632 P.2d 318 (1981). None of those exceptions, however, are applicable to the present case.

Cognizant of the general rule, the court is called upon to ascertain whether, in the absence of pertinent statute or contractual provision, an insured is entitled to recover attorneys' fees and expenses incurred in defending a declaratory judgment action brought by an insurer to determine the existence of coverage under a liability insurance policy.[2] The precise issue presented is one which has caused the courts consternation resulting in opposing viewpoints.[3] Review of the decisional law extant in Montana addressing the issue *sub judice* reveals the Montana court has not addressed, in detail, whether attorneys' fees should be allowed in declaratory judgment actions as a matter of course to the insured who successfully prevails with respect to the issue of coverage. Consequently, there exists no precedent which establishes that a distinction may legitimately be drawn between declaratory judgment actions prosecuted by an insured to establish coverage, as opposed to those where the insured is compelled to defend a declaratory judgment action brought by the insurer. *See, eg., Mighty Midgets, Inc. v. Centennial Insurance Company,* 47 N.Y.2d 12, 416 N.Y.S.2d 559, 389 N.E.2d 1080 (1979); *Union Mutual Fire Insurance Company v. Topsham,* 441 A.2d 1012 (Me.1982). Nonetheless, review of the trilogy of leading Montana cases which have touched upon the subject of the insured's right to recover attorneys' fees in a declaratory judgment action, convinces the court that as a general rule an insured is not entitled to recover attorneys' fees incurred in the defense of a declaratory judgment action brought by a liability insurer to determine the latter's obligations under a policy of insurance. The general rule, however, is subject to the notable exception that recovery is appropriate where it is ultimately determined by the court that the insurer was not acting in good faith in contesting coverage and instituting declaratory judgment proceedings.[4]

The seminal decision touching upon the propriety of awarding attorneys' fees in an action between an insurer and an insured is *Home Insurance Company v. Pinski Brothers, Inc.,* 160 Mont. 219, 500 P.2d 945 (1972). *Pinski Brothers* was an action between an insurer and its insured involving the insurer's subrogation rights and the insured's right to damages for breach of the insurance contract. *Id.,* 500 P.2d at 946. The court in *Pinski Brothers* concluded that the wrongful acts of the insurer in suing its insured under non-existent subrogation rights and refusing to defend the insured constituted a breach by the insurer of the terms of the liability insurance policy which existed between the two, entitling the insurer to recover attorneys' fees, expenses, and court costs occasioned by the insurer's conduct. *Id.,* 500 P.2d at 949–950.

The principle enunciated in *Pinski Brothers* was affirmed and expanded in the subsequent case of *Lindsay Drilling v. U.S. Fidelity & Guaranty Company,* 208 Mont. 91, 676 P.2d 203 (1984). *Lindsay Drilling* was a declaratory judgment action instituted by the insured to determine whether or not the insurer had a duty to defend the insured under the subject liability insurance policy with respect to a tort claim advanced against the insured. The insured was compelled to institute the declaratory judgment action after the insurer,

---

**2.** In addressing their entitlement to attorneys' fees and expenses, the defendants do not rely upon either an express provision of the insurance contract or a right under Montana statutory law.

**3.** A collection of decisions from various jurisdictions which have addressed the issue of an insured's right to recover attorneys' fees incurred in defending a declaratory judgment action brought by an insurer, may be found at page 429, Volume 87 of the American Law Reports, 3rd series (1978).

**4.** When presented with an issue of substantive state law as to which there has not been a definitive ruling by the Montana Supreme Court, this court, guided by all available sources of Montana law, must undertake to predict how the Montana Supreme Court would rule if confronted with that issue of law. *See, Meredith v. Winterhaven,* 320 U.S. 228, 64 S.Ct. 7, 88 L.Ed. 9 (1943); *Takahashi v. Loomis Armored Car Service,* 625 F.2d 314, 316 (9th Cir.1980); *Molsbergen v. United States,* 757 F.2d 1016, 1020 (9th Cir.1985), *cert. dismissed,* 473 U.S. 934, 106 S.Ct. 30, 87 L.Ed.2d 706 (1985).

having determined that the claim was not covered by the subject policy, refused to accept defense of the claim. *Id.*, 676 P.2d at 205. The Montana Supreme Court, having determined that the insured did have an obligation to defend pursuant to the terms of the insurance agreement, secondarily considered whether the insurer should be held liable to the insured for the attorneys' fees and expenses incurred by the insured in prosecuting the declaratory judgment action. Predicated upon its conclusion that the insurer's refusal to defend was wrongful under the circumstances, the court held that the insurer was liable for reasonable attorney fees, expenses and court costs occasioned by its decision. *Id.*, 676 P.2d at 206.

The latest decision of the Montana Supreme Court, the rationale of which bears upon the issue before this court, is *Truck Insurance Exchange v. Woldstad,* —— Mont. ——, 687 P.2d 1022 (1984). *Wolstad* was a declaratory judgment action instituted by the insurer for the purpose of obtaining a determination of its rights and liabilities under a liability insurance policy. The insurer instituted the declaratory judgment action after it had declined coverage and refused to defend the insured with respect to a wrongful death suit. The Montana Supreme Court, having affirmed the trial court's ruling that the subject policy provided coverage for the claim at issue, addressed the issue of whether the insurer was obligated to pay the attorneys' fees and costs incurred by the insured in defending the declaratory judgment action. Referring to its decision in *Pinski Brothers,* the court stated "[w]e have held that an insurer's breach of contract, in this case refusal to defend, renders the insurer liable for the defense costs resulting from the breach." *Id.*, 500 P.2d at 1025 (citation omitted). Emphasizing that the insurer had refused or ignored the insured's repeated requests for provision of a defense to the underlying action, the court concluded that the insurer was liable to the insured for the attorneys' fees and costs incurred by the insured in defending the declaratory judgment action. *Id.*, 500 P.2d at 1025.

The court finds it imperative to note that the Montana Supreme Court was careful to predicate its holdings in the foregoing trilogy of cases, as they pertained to the issue of attorneys' fees, upon the fact that the *wrongful* conduct of the insurer which necessitated the insured's unnecessary incurrence of attorneys' fees constituted a breach of the insurance contract. Consequently, the court is unpersuaded by the position implicitly urged by the defendants to the effect that a *per se* rule has been adopted in Montana, whereby an insured who prevails in a declaratory judgment action brought by an insurer is entitled to recoup his attorneys' fees and expenses. There exists no authority in the decisional law of Montana establishing that an insured is entitled to recover attorneys' fees incurred in defense of a declaratory judgment action where the insurer was acting in good faith in obtaining a declaration of the parties' respective rights and liabilities under the insurance contract. The foregoing would prove especially true where the insurer has not refused to defend the insured in an action brought against it by a third party, but has provided the insured a defense, reserving its rights under the policy pending a judicial determination of those rights.

While the *Pinski Brothers, Lindsay* and *Woldstad* trilogy of cases does not establish the existence of a *per se* rule entitling a prevailing insured to an award of attorneys' fees and expenses, those cases clearly establish that under appropriate circumstances an award of attorneys' fees and expenses is, indeed, justified. Specifically, an award of attorneys' fees and expenses is justified where pursuit of declaratory relief by the insurer is not undertaken in good faith.

■ Addressing the propriety of awarding attorneys' fees in the case at bar, the court begins its analysis by noting defendant Beck is a third-party claimant under the automobile liability policy at issue. The court's conclusions regarding the propriety of awarding attorneys' fees incurred by an insured in defending a declaratory judgment action have no bearing upon

Beck's right to recover attorneys' fees as an interested party to the present declaratory judgment action. A third-party claimant is not entitled to recoup attorneys' fees incurred in declaratory judgment proceedings, even if the claimant arguably falls within the policy definition of "insured". *See, Bankers and Shippers Insurance Company v. Electro Enterprises, Inc.,* 287 Md. 641, 415 A.2d 278 (1980). While no decision of the Montana Supreme Court has reached this specific conclusion, the conclusion is consistent with the rule recognized by the Montana Supreme Court that a civil action for tortious conduct on the part of an insurer in the handling of a third-party insurance claim is no exception to the American Rule. *See, Tynes v. Bankers Life Company,* — Mont. —, 730 P.2d 1115, 1127 (1986). Consequently, the court is compelled to conclude that regardless of Beck's interest in the outcome of the declaratory judgment action, he is not entitled to recover attorneys' fees incurred as a result of his choosing to defend against the insurer's complaint.

■ Under the rationale expressed by the court herein, defendant Davis, as an insured under the subject policy, would be entitled to an award of attorneys' fees and expenses incurred in defending the present declaratory judgment action if he were successful in establishing that the declaratory judgment action was not prosecuted in good faith. Determination of that issue at this juncture, however, would be premature in view of the fact that neither party has specifically addressed the issue of the plaintiff's motivation in seeking declaratory relief. In that regard, the court notes that defendant Davis has advanced a counterclaim against the insurer for breach of the duty of good faith attendant the insurance policy at issue. Resolution of that counterclaim would necessarily entail resolution of the attorneys' fees issue.

Therefore, for the reasons set forth herein,

IT IS HEREBY ORDERED:

(1) that the motion of defendant Beck requesting an award of attorneys' fees be, and the same hereby is, DENIED;

(2) that the motion of defendant Davis requesting an award of attorneys' fees is taken under advisement until such time as the issues presented by defendant Davis' counterclaim are resolved upon the merits.