972 F.2d 1339
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
GENERAL AMERICAN LIFE INSURANCE COMPANY, a Mutual Life
Insurance Company, Plaintiff-Appellee,
v.
Lee H. OFNER, Defendant-Appellant.
 No. 91-35329.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 10, 1992.
Decided Aug. 7, 1992.
 
 Before ALARCON, RYMER and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Lee Ofner appeals from the district court's judgment following a jury verdict in partial favor of General American Life Insurance Company ("GALI"). GALI brought this action seeking a declaration that Ofner was not permanently disabled and therefore not entitled to benefits under his GALI disability insurance policy. Ofner counterclaimed for breach of the disability policy, for breach of a second GALI policy relating to business expenses ("the BOE policy"), for general bad faith damages and attorneys' fees under Texas and Montana law, and for violations of the Montana Unfair Claims Settlement Practices Act ("UCSPA"), Mont.Code Ann. § 33-18-201.
 
 
 3
 Ofner now appeals from the district court's refusal to award him attorneys' fees after entering summary judgment in his favor on GALI's disability insurance claim, from various rulings regarding his claims for bad faith damages and breach of the BOE policy, and from the denial of his objection to the jury instructions on his UCSPA counterclaim. The jury returned a verdict finding that GALI had not violated the UCSPA and that GALI owed Ofner $3,541.71 under the BOE policy. Ofner's motion for a new trial or JNOV was denied by the district court. We have jurisdiction under 28 U.S.C. § 1291, and affirm with respect to all but the denial of Ofner's objection to the jury instructions on his UCSPA counterclaim. On the latter counterclaim, we reverse and remand for retrial.
 
 
 4
 * Ofner argues that he is entitled to attorneys' fees under Montana law. He recognizes that the general rule in Montana is that attorneys' fees are not "awarded to a prevailing party in the absence of a specific statute or a contractual provision granting fees," Yovish v. United Servs. Auto. Ass'n, 794 P.2d 682, 686 (Mont.1990), but argues that Montana recognizes an exception to the general rule when an insurer's breach of the insurance policy requires an insured to defend himself in a suit brought by the insurer.
 
 
 5
 The three cases cited by Ofner do not support his argument. Truck Insurance Exchange v. Woldstad, 687 P.2d 1022 (Mont.1984), Lindsay Drilling & Contracting v. United States Fidelity & Guaranty Co., 676 P.2d 203 (Mont.1984), and Home Insurance Co. v. Pinski Bros., Inc., 500 P.2d 945 (Mont.1972), all involve a liability insurer's breach of its obligation to defend an insured. The Montana Supreme Court has distinguished these cases from those where an insurer wrongfully refused to provide coverage:
 
 
 6
 We have approved awards of attorney fees in the absence of a specific statute or contractual provision granting the right to attorney fees in cases where an insurer has breached its obligation to defend an insured. The present case, however, is not a case where an insurer has wrongfully refused to defend an insured but where an insurer has wrongfully refused to provide coverage to an insured. Although the distinction may be slight, we hesitate to expand the exception to the general rule without legislative authority.
 
 
 7
 Yovish, 794 P.2d at 686 (citations omitted); see also Martin v. Crown Life Ins. Co., 658 P.2d 1099, 1104 (Mont.1983) (attorneys' fees in absence of contractual provision or statutory right allowed only in "extreme situations"). Yovish represents the last word on the subject by the Montana Supreme Court, which has not indicated that it would reach a different result, as Ofner suggests, if the insurer, rather than the insured, brought suit. Cf. Iowa Mut. Ins. Co. v. Davis, 689 F.Supp. 1028, 1030 (D.Mont.1988) ("[R]eview of the trilogy of leading Montana cases ... convinces the court that as a general rule an insured is not entitled to recover attorneys' fees incurred in the defense of a declaratory judgment action brought by a liability insurer to determine the latter's obligations under a policy of insurance.").[1]
 
 
 8
 Ofner, citing Sheridan County Electric Co-Op. v. Ferguson, 227 P.2d 597 (Mont.1951), and Hatch v. National Surety Corp., 72 P.2d 107 (Mont.1937), also relies on Montana law allowing attorneys' fees for those who are required to defend an action for an injunction. Ofner concedes, however, that GALI's request for an injunction was never acted upon by the district court. In each of the cases cited by Ofner, an injunction or temporary restraining order was actually obtained. Moreover, the rule articulated in Sheridan County applies only when "the sole purpose of the action was to obtain injunctive relief." 227 P.2d at 601. Here, GALI's main purpose was to obtain a declaratory judgment concerning its obligations under the disability policy. Accordingly, Ofner is not entitled to attorneys' fees under Montana law.
 
 II
 
 9
 Ofner also argues that he is entitled to attorneys' fees under Texas law. First, Ofner points to a "Conformity with State Statutes" clause in the disability and BOE policies--which calls for the policies, in the event of conflict, to "conform with the minimum requirements" of the state in which the insured resides on the Policy Date--and contends that this clause operates to incorporate Tex.Ins.Code § 3.62, which imposes liability for 12% damages plus attorneys' fees upon insurance companies that fail to reimburse loss within thirty days of demand. We disagree. Because the disability policy did not provide for attorneys' fees, there was not a "conflict" between the policy and the statute so as to trigger the conformity clause.
 
 
 10
 Second, Ofner claims that § 3.62 was automatically incorporated into the policy, and that the district court erred in assuming that this Texas statute was not made a part of the disability policy upon execution. Early Texas cases said that "every contract of insurance ... entered into in this state is made in view of this article and its provisions enter into and form a part of it." Mutual Reserve Life Ins. Co. v. Jay, 109 S.W. 1116, 1120 (Tex.Civ.App.1908); accord Sovereign Camp, W.O.W. v. Helm, 94 S.W.2d 521, 523 (Tex.Civ.App.1936); Insurance Co. of N. Am. v. Davis, 398 F.2d 418, 421 n. 1 (5th Cir.1968); see also 3 John A. Appleman & Jean Appleman, Insurance Law and Practice § 1601, at 331 (1967) (§ 3.62 "automatically becomes a condition of each contract of insurance entered into within the state"). The Texas Supreme Court, however, has clearly indicated that § 3.62 is not a substantive term of the insurance contract. See Cathey v. Metropolitan Life Ins. Co., 764 S.W.2d 286, 291 (Tex.Ct.App.1988), aff'd, 805 S.W.2d 387 (Tex.), cert. denied, 111 S.Ct. 2855 (1991); see also Gumpp v. Philadelphia Life Ins. Co., 562 S.W.2d 885, 888 (Tex.Civ.App.1978) (cause of action under § 3.62 "is created by the statute and does not grow out of the contract"); Continental Casualty Co. v. Boerger, 389 S.W.2d 566, 570 (Tex.Civ.App.1965) (suit for damages under § 3.62 "is not a suit 'on the policy', but is one under the statute for failure to pay a loss originally covered by the policy."). We therefore believe the Texas Supreme Court would conclude that § 3.62 was not a part of the GALI policies.
 
 
 11
 Ofner also argues that the district court erroneously determined that Montana law applies to Ofner's claims. We review de novo the district court's choice-of-law rulings, Sparling v. Hoffman Constr. Co., 864 F.2d 635, 641 (9th Cir.1988), including the district court's application of the facts in determining the relevant law. Sims Snowboards, Inc. v. Kelly, 863 F.2d 643, 644-45 (9th Cir.1988).
 
 
 12
 The district court correctly characterized Ofner's counterclaims as sounding in tort rather than contract. See Forsyth v. Cessna Aircraft Co., 520 F.2d 608, 611 (9th Cir.1975) (characterization of diversity action must be made in accordance with laws of forum state); Britton v. Farmers Ins. Group, 721 P.2d 303, 319 (Mont.1986) (UCSPA claims sound in tort); First Sec. Bank v. Goddard, 593 P.2d 1040, 1047 (Mont.1979) ("A cause of action may sound in tort although it arises out of a breach of contract"; insurer's breach of duty of good faith and fair dealing gives rise to tort liability); Gumpp, 562 S.W.2d at 888. Because Montana has no choice-of-law rule for tort claims, the district court also correctly turned to the Restatement (Second) of Conflict of Laws (1971) to determine the applicable law for Ofner's extra-contractual claims. See Commercial Ins. Co. v. Pacific-Peru Constr. Corp., 558 F.2d 948, 952 (9th Cir.1977).
 
 
 13
 Analysis of the relevant contacts listed in Restatement § 145(2) leads to the conclusion that Montana law applies to Ofner's claims. Ofner's counterclaims arise out of occurrences that took place after he made his claim under the policies on December 28, 1987. By that time, he had moved to Montana. Ofner's only subsequent contact with Texas was a brief trip to Dallas in July 1988 during which he consulted an attorney, who wrote a demand letter to GALI on Ofner's behalf. Because Montana is the "place where the injury occurred," as well as Ofner's "domicil" and "residence," Restatement § 145(2)(a), (c) calls for Montana law to apply. The district court therefore correctly determined that the UCSPA governed Ofner's counterclaims arising from GALI's refusal to pay under the two policies.
 
 III
 
 14
 Ofner also argues that the district court should have awarded attorneys' fees under its equitable powers. This argument is without merit. Ofner does not appear to have asked the district court to exercise these powers. Nor does he show how the district court's failure to award fees under these powers constituted an abuse of the court's discretion, especially because the court never found that GALI had acted in bad faith or invoked the declaratory judgment remedy for improper purposes.
 
 IV
 
 15
 Ofner does not challenge the sufficiency of the evidence underlying the jury's verdict, but argues that the district court should have found as a matter of law that all of his claimed expenses under the BOE policy were covered. Instead, the court submitted the matter to the jury, which found that GALI owed Ofner only $3,541.71 under the BOE policy. Ofner's argument lacks merit. In accordance with the terms of the BOE policy, the jury was instructed to award only those expenses which were "usual and customary in the operation of his profession." The district court did not err by allowing the jury to apply this unambiguous provision of the BOE policy to the expenses claimed by Ofner.
 
 
 16
 Ofner also challenges the district court's ruling that expenses incurred in Ofner's new insurance business were not covered by the BOE policy. Ofner's interpretation of the BOE policy is unreasonable. The GALI insurance policy covered Ofner in his occupation as a dentist, not as an insurance agent. And Ofner was disabled while practicing dentistry, not while working as an insurance agent. We therefore affirm the district court's rulings with respect to the BOE policy.
 
 V
 
 17
 Over Ofner's objection, the district court instructed the jury that it must find an intentional violation of the UCSPA in order to find GALI liable. Ofner argues that this instruction was erroneous because a violation of the UCSPA can be predicated on acts of negligence. After reviewing the jury instructions as a whole to determine whether they "fairly and adequately covered the issues presented, correctly stated the law, and were not misleading," Thorsted v. Kelly, 858 F.2d 571, 573 (9th Cir.1988), we agree with Ofner and reverse the jury verdict in favor of GALI on Ofner's UCSPA counterclaim.[2]
 
 
 18
 We cannot say that Montana would only recognize intentional violations of GALI's duties under the UCSPA. First, portions of the UCSPA relied upon in Ofner's counterclaim and in the pretrial order are reasonably susceptible to the interpretation advanced by Ofner. See, e.g., Mont.Code Ann. § 33-18-201(3) ("No person may ... fail to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies."); § 33-18-201(5) ("No person may ... fail to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed."); § 33-18-201(6) ("No person may ... neglect to attempt in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear."). Second, the Montana Supreme Court has assumed that negligent violations of the UCSPA are possible. In Hart-Anderson v. Hauck, 748 P.2d 937, 944 (Mont.1988), the court disapproved of instructions that would allow the jury to presume malice from a violation of the UCSPA for the purpose of determining punitive damages. The Court reasoned that punitive damages based on a jury finding of a negligent violation of the UCSPA would undermine Montana law requiring an intentional or reckless violation of a statute before punitive damages could be awarded. Id.
 
 
 19
 Nor can we say that the erroneous instruction was harmless. Cf. Coursen v. A.H. Robins Co., 764 F.2d 1329, 1337 (9th Cir.1985) (error in instructing jury in civil case does not require reversal if error more probably than not was harmless). The instruction imposed a burden on Ofner that he was not obligated to meet. Also, there was evidence to support Ofner's claim that GALI negligently failed to attempt settlement in good faith. Not only did the district court grant summary judgment in favor of Ofner on his disability policy counterclaim, it found that GALI displayed a lack of diligence in determining whether Ofner was in fact disabled.
 
 
 20
 We AFFIRM with respect to Ofner's attorneys' fees and BOE policy claims, but REVERSE and REMAND for retrial on Ofner's claims under the UCSPA.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Davis court opined that this general rule "is subject to the notable exception that recovery is appropriate where it is ultimately determined by the court that the insurer was not acting in good faith in contesting coverage and instituting declaratory judgment proceedings." 689 F.Supp. at 1030. The Davis court, however, did not have the benefit of the decision in Yovish, which defined the exception to the general rule with reference to the nature of action, rather than the motivation of the plaintiff. At any rate, even if the exception encompasses cases brought by an insurer in bad faith, the district court did not find that GALI brought this action in bad faith
 
 
 [2]
 Ofner also argues that GALI's inclusion in its complaint of the wrong standard of disability under the policy constituted a violation of the UCSPA, and that the district court should have directed a verdict on this alleged violation of the UCSPA. In the absence of authority that a violation of the UCSPA can be predicated on the language used in pleadings, we affirm the district court's oral ruling based on counsel's arguments that pleadings are privileged and that Rule 11 sanctions are the proper remedy for abuse of pleadings