996 F.2d 1223
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
CONTINENTAL INSURANCE COMPANY, Plaintiff-Appellant,
v.
MONTANA BANCSYSTEM, INC.; Montana Bank of Red Lodge, N.A.,
Defendants-Appellees.
 No. 91-36193.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 7, 1993.
Decided June 17, 1993.
 
 Before: WRIGHT, FARRIS, and D.W. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 We understand but reject the bank's argument that Continental waived its right to rely on or is estopped from relying on a policy exclusion not explicitly mentioned in its initial summary judgment brief before the district court. Continental's pleadings were sufficient to put the Bank on notice of the defense. See Hydro Systems, Inc. v. Continental Ins. Co., 929 F.2d 472, 476 (9th Cir.1991). We nevertheless find that Continental had a duty to defend.
 
 
 3
 In Montana, the "duty to defend may be triggered by notification to the insured of facts asserted in the pleadings, discovery or final issues declared ready for trial, giving rise to potential liability under the policy." Liberty Bank of Montana v. Travelers Indem. Co., 870 F.2d 1504, 1506 (9th Cir.1989). The underlying cause of action is to recover damages for emotional distress for negligent misrepresentation and implied malice. The Continental Umbrella policy includes coverage for emotional distress.
 
 
 4
 Continental argues that because the Bank refused to continue the U4 Ranches' line of credit in 1988, any mental injury could not have "occurred" until 1988. Continental thus concludes that the injury occurred after the policy expired. The policy defines "occurrence" as "an accident, including continuous or repeated exposure to conditions, which results in personal injury, property damage or advertising injury neither expected nor intended from the standpoint of the insured." U4 Ranches alleges that it was advised that its banking relationship would continue from year to year and that some such advice and encouragement occurred in 1985 and 1986, the period covered by the policy. This allegation triggers Continental's duty to defend even though the injury manifested at a later date. See Truck Ins. Exchange v. Wolstad, 687 P.2d 1022, 1024 (Mont.1984). The alleged misrepresentations caused the injury even though the denial of credit did not occur until 1988. Potential liability triggers the insurer's duty to defend. Liberty Bank of Montana, 870 F.2d at 1506.
 
 
 5
 The cases relied upon by Continental are pertinent to the Bank's ultimate liability, not to Continental's duty to defend. The question at this juncture is not whether the Bank is liable but whether the complaint alleges an occurrence within the period covered by the policy. It does.
 
 
 6
 We deny the Bank's request for attorney fees for this action. Our ruling on appeal determines only the duty to defend, not ultimate liability.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3