**UNITED STATES NATIONAL BANK OF OREGON, a National Banking Association, Plaintiff,**

v.

**AMERICAN HOME ASSURANCE COMPANY, a New York corporation, Defendant.**

**Charles L. SHEPHERD, Plaintiff in Intervention,**

v.

**UNITED STATES NATIONAL BANK OF OREGON, a National Banking Association, Plaintiff and American Home Assurance Company, a New York corporation, Defendants in Intervention.**

**Civ. No. 69-123.**

United States District Court,
D. Oregon.

July 7, 1972.

See also 9 Cir., 443 F.2d 844.

Lloyd B. Ericsson, Dusenbery, Martin, Bischoff & Templeton, Portland, Or., for defendant American Home Assurance Co.

R. W. Kitson, Rader & Kitson, Portland, Or., for intervenors.

## OPINION

SOLOMON, District Judge:

The sole issue that remains to be decided is whether the defendant American Home Assurance Company (Insurance Company) is subrogated to the rights of United States National Bank of Oregon (Bank) against Charles L. Shepherd (Shepherd or the insured), the plaintiff in intervention, for amounts paid by the Insurance Company to the Bank.

Shepherd purchased an airplane and financed it by a promissory note secured by a chattel mortgage on the airplane. The note and mortgage were assigned to the Bank.

The Insurance Company insured Shepherd against loss or damage to the airplane. The hull insurance policy so purchased also contained an independent loss payable and breach of warranty endorsement in favor of the Bank for the amount of the Bank's lien. This endorsement provided that the Bank's rights could not be prejudiced by any act of the insured. Shepherd paid the full premium.

During the term of the policy, Shepherd loaned the airplane to a friend, Elwood F. Williams, whom Shepherd believed was a fully qualified and certificated pilot. While Williams was piloting the airplane, it crashed and was completely destroyed. Williams and his passengers were killed.

The Insurance Company denied liability on the ground that Williams had neither a private pilot's certificate nor a current medical certificate, two requirements under the policy for coverage.

The Bank sued the Insurance Company on the breach of warranty endorsement. Shepherd intervened to assert his own claim against the Insurance Company, and the Bank cross-claimed against Shepherd. I dismissed Shepherd's claim because it was not timely filed. The Bank obtained a judgment against Shepherd.

The Insurance Company also filed a cross-claim against Shepherd seeking to be reimbursed for all amounts it would be required to pay the Bank. The Bank recovered a judgment against the Insur-

ance Company on its breach of warranty endorsement.

The judgment against the Insurance Company provided that the amounts received in payment would constitute *pro tanto* satisfaction of the judgment which the Bank obtained against Shepherd. The Insurance Company paid the judgment against it, but the Bank did not assign any interest it had in the airplane or in any rights it had against Shepherd.

The issue is whether by paying the judgment, the Insurance Company was subrogated as a matter of law to the rights of the Bank against Shepherd. The provision on which the Insurance Company bases its claim against Shepherd reads:

> "Whenever the Insurer shall pay any sum for loss, damage or expense under this policy and claim that, as to the Insured, no liability existed therefore, the Lienholder shall thereupon, to the extent of such payment, assign, deliver and convey all interest that the Lienholder may have in said aircraft, all instruments of security pertaining thereto and rights against the Insured, to the Insurer."

The Insurance Company has no authority which supports recovery on a provision like this one. Most of its cited cases involve policies which contained provisions which gave the insurance company the right of subrogation upon payment of the loss to the mortgagee. Metropolitan Life Ins. Co. v. Mennonite Mut. Fire Ins. Co., 131 Kan. 628, 293 P. 402 (1930); Commercial Standard Ins. Co. v. Hitson, 73 N.M. 328, 388 P.2d 56 (1963).

■■■ Here, even though Shepherd, the principal insured, may not be entitled to recover himself because of an exculpatory clause in the insurance contract, there was no fraud, deception, or other impropriety on the part of Shepherd. He paid the whole insurance premium, even the portion which protected the Bank. The Bank's refusal to assign its rights to the Insurance Company in my view was not only understandable but also proper. Subrogation clauses in insurance policies must be strictly construed against the Insurance Company. If the Insurance Company wanted to collect against the principal insured, it must so provide in clear and unequivocal language. Without such a provision, there is no right of subrogation. Milwaukee Mechanics' Ins. Co. v. Ramsey, 76 Or. 570, 149 P. 542 (1915); *see also,* Eastern Restaurant Equipment Co. v. Tecci, 347 Mass. 148, 196 N.E.2d 869 (1964).

The Insurance Company asserts that the judgment which the Bank recovered against Shepherd when he intervened in this action gives it some additional rights and permits it to recover in spite of the deficiency in the subrogation clause of its policy.

I do not read the judgment to give it any additional rights, and I did not intend to give any such rights to it by the provision in the judgment.

I regret that the parties failed to set forth clearly and succinctly the issues in this case. It was not until I read and studied the briefs after the trial, together with the substitute pretrial order, that I fully understood the grounds upon which the Insurance Company sought to recover and Shepherd's defenses.

The claim of the American Home Assurance Company against Charles L. Shepherd for the amount it paid to the Bank on the breach of warranty endorsement is dismissed with prejudice.

This opinion shall constitute findings of fact and conclusions of law pursuant to Fed.R.Civ.P. 52(a).