**UNITED STATES NATIONAL BANK OF OREGON, a National Banking Association, Plaintiff,**

v.

**AMERICAN HOME ASSURANCE COMPANY, Defendant-Appellant,**

v.

**Charles L. SHEPHERD, Intervenor-Appellee.**

**No. 72–2630.**

United States Court of Appeals, Ninth Circuit.

Nov. 11, 1974.

Lloyd B. Ericsson (argued), Dusenbery, Martin, Bischoff & Templeton, Portland, Or., for defendant-appellant.

R. W. Kitson, Rader & Kitson (no appearance), Portland, Or., for intervenor-appellee.

Before TRASK and SNEED, Circuit Judges, and GRAY,* District Judge.

## OPINION

PER CURIAM:

This is a diversity case in which American Home Assurance Company (American Home) appeals from the judgment of the district court denying it a right of subrogation against the principal insured, Charles L. Shepherd. We affirm.

Shepherd, the appellee, purchased an aircraft by giving his promissory note, secured by a chattel mortgage on the airplane. The seller assigned the note and mortgage to the United States National Bank of Oregon (the bank). American Home issued a policy insuring Shepherd against loss of or damage to the airplane. The policy contained an exclusionary clause which provided that the policy would be voided as to Shepherd if the loss or damage were to be caused by his misconduct or occurred while the airplane was being operated by an unlicensed pilot.

Pursuant to a requirement by the bank as a condition to its accepting assignment of the note, the policy also contained an endorsement that provided for payment to the bank of the amount of its lien, irrespective of whether the policy was invalidated as to Shepherd because of his misconduct or the participation of an unlicensed pilot.

During the term of the policy, the airplane was destroyed in a crash. American Home denied all liability under the policy because at the time of the accident the plane was being operated by a friend of Shepherd that lacked the necessary pilot certification. However, the district court later found Shepherd to have been innocent of any fraud, deception, or other impropriety.

In the resulting litigation, the bank obtained judgment against Shepherd on the note and against American Home on the endorsement, the latter judgment providing that payment thereof would satisfy the judgment against Shepherd. American Home paid to the bank the amount of the note and sought to recover the money so paid from Shepherd on the contingent cross-claim that it filed against him.[1] American Home based its claim upon a provision in the policy which reads:

"Whenever the Insurer shall pay any sum for loss, damage or expense under this policy and claim that, as to the Insured, no liability existed therefor, the Lienholder shall thereupon, to the extent of such payment, assign, deliver and convey all interest that the Lienholder may have in said aircraft, all instruments of security pertaining

---

* Honorable William P. Gray, United States District Judge, Central District of California, sitting by designation.

1. The litigation also included a claim by Shepherd against American Home under the policy. Summary judgment was granted against him on statute of limitations grounds, and such judgment was affirmed on appeal by this court. 443 F.2d 844 (9th Cir. 1971).

thereto and rights against the Insured, to the Insurer."

Relying upon the exclusionary clause in the policy to disclaim liability to Shepherd (the insured) for the loss that it paid to the bank (the lienholder), American Home contended that it was entitled to succeed to the bank's right to collect from Shepherd on the note. In other words, American Home contended that the quoted provision gave it a right of subrogation against Shepherd, the purchaser of the policy.

■ The district court disagreed and dismissed with prejudice American Home's claim in an opinion which expressed the view that "Subrogation clauses in insurance policies must be strictly construed against the Insurance Company. If the Insurance Company wanted to collect against the principal insured, it must so provide in clear and unequivocal language. Without such a provision, there is no right of subrogation. Milwaukee Mechanics' Ins. Co. v. Ramsey, 76 Or. 570, 149 P. 542 (1915) . . . ." (347 F.Supp. 311, 313 (D. Oregon 1972)).

We agree with the trial court in its statement of Oregon law (which must be followed in this diversity case) and in its reliance upon *Ramsey*. That case involved a fire insurance policy purchased by Ramsey to cover a laundry that he owned and had mortgaged to the bank, which he designated as an insured under the policy. A loss occurred; the insurance company paid the bank's claim under the policy and unsuccessfully sought subrogation against Ramsey. In affirming the decision of the trial court, the opinion of the Oregon Supreme Court said:

"We cannot import into the contract a stipulation to the effect that Ramsey should not only pay the premium, but also reimburse the company for the loss. It was not the intention of the parties that Ramsey should thus carry all the risk, besides paying the premium." Milwaukee Mechanics' Ins. Co. v. Ramsey, 76 Or. 570, 149 P. 542, 544 (1915).

*See also*, American Central Insurance Company v. Weller, 106 Or. 494, 212 P. 803 (1923).

■ Likewise in the present case, Shepherd paid all of the insurance premiums under the policy, including the endorsement upon which the bank recovered. We do not know what portion of the premium was allocable to that endorsement; it may be that American Home's undertaking under that endorsement was intended to be no more than a guaranty of Shepherd's debt to the bank. Under such circumstances, subrogation would be anticipated as appropriate. But, under Oregon law, if an insurance company wishes to enjoy such a right of subrogation against an insured who purchases a policy and pays the premiums, it is obliged to give its customer clear and unequivocal notification to that effect. We agree with the trial court that the subject policy did not comply with such requirement.

Judgment affirmed.