## EMPLOYERS OF WAUSAU

v.

## PUREX CORPORATION.

Civ. A. No. 77-3710.

United States District Court,
E. D. Pennsylvania.

Aug. 14, 1979.

Curtis P. Cheyney, III, Swartz, Campbell & Detweiler, Philadelphia, Pa., for plaintiff.

Charles Jay Bogdanoff, Gekoski & Bogdanoff, Philadelphia, Pa., for defendant.

MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

 In this action the plaintiff, Employers of Wausau (Employers), seeks subrogation from defendant, Purex Corporation (Purex), under an agreement between Purex and American Stevedoring Corporation (American Stevedoring) and a comprehensive automobile liability insurance policy issued to Purex by Employers for money paid to an injured employee of Purex pursuant to the policy. Jurisdiction is based on diversity of citizenship. Before the Court are cross-motions for summary judgment. After reviewing the memoranda in support of the motions, for the reasons hereinafter discussed, the defendant's motion for summary judgment will be granted and the plaintiff's motion for summary judgment will be denied.

Fed.R.Civ.P. 56(c) provides in pertinent part:

[Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Thus, in examining the propriety of a motion for summary judgment, the Court must first determine whether there is a genuine issue as to any material fact. Summary judgment may not be used to deprive a litigant of a full trial of genuine fact issues but may be granted where there are no disputed issues of material fact. If there is a genuine issue as to any material fact, the motion for summary judgment will not be granted. *Ettinger v. Johnson,* 556 F.2d 692, 696 (3d Cir. 1977); *Fairbanks, Morse & Co. v. Consolidated Fisheries,* 190 F.2d 817, 824 (3d Cir. 1951); *Toebelman v. Missouri-Kansas Pipe Line Co.,* 130 F.2d 1016, 1018 (3d Cir. 1942). The Court finds that these cross-motions present no genuine issue as to any material fact.

American Stevedoring and Purex entered into an agreement dated February 1, 1971, wherein American Stevedoring agreed to furnish Purex with drivers to operate Purex' trucks. Purex had the right to pass upon the experience and qualifications of the drivers, to dismiss them for cause, and to control them in all operations concerning their work for Purex. Purex agreed to pay certain sums to American Stevedoring, including reimbursement for the drivers' wages, payroll taxes, workmen's compensation and employer's liability insurance, and payments into welfare funds. American Stevedoring agreed to have Purex insured under workmen's compensation insurance in states where private workmen's compensation insurance is employed. Purex agreed to carry public liability and property damage insurance with respect to the operation of the vehicles. Purex also agreed to:

[i]ndemnify and save American Stevedoring Corporation forever harmless from and against all claims, demands, costs, actions, liabilities, and expenses whatsoever including but not limited to personal injury, death, or property damage and attorney's fees, if any, arising out of or resulting from or sustained in connection with the use or operation of our trucks by the drivers furnished by you [American Stevedoring] hereunder, and whether or not the result of negligence or other acts of misconduct on the part of such drivers.

Charles Pinckney, an employee of Purex, was injured on December 3, 1971 at the Purex plant in Philadelphia, Pennsylvania, and claimed that his injuries resulted from the negligence of Albert Riley, a truck driver provided to Purex by American Stevedoring under the terms of the agreement. At the time of this accident, Purex was the named insured in a Comprehensive Automobile Liability policy which had been issued to it by Employers. Under the policy, persons insured in addition to Purex included "any other person while using an owned automobile or a hired automobile with the permission of the named insured, provided his actual operation . . . is within the scope of such permission." The policy also stated that "this insurance does not apply: . . . (b) to any obligation for which

the insured or any carrier as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law; [and] (c) to bodily injury to any employee of the insured arising out of and in the course of his employment by the insured." The policy included a subrogation provision which provided that "in the event of any payment under this policy, the company [Employers] shall be subrogated to all the insured's rights of recovery therefor against any person or organization."

Charles Pinckney, the injured Purex employee, brought suit against Albert Riley and American Stevedoring in the Court of Common Pleas of Philadelphia County, alleging that Riley, the driver of the truck, was acting as the agent, servant or employee of American Stevedoring. Employers undertook the defense of Riley and American Stevedoring and effected a settlement by paying Pinckney the sum of $48,000.00.

Employers claims that it is subrogated to the rights of American Stevedoring against Purex under the terms of the February 1, 1971 agreement and the automobile liability policy which is issued to Purex. Pursuant to the agreement and the insurance policy, Employers seeks to recover from Purex, the named insured in the policy, the $48,000.00 paid to Pinckney and $2,378.82 in attorney's fees. Purex contends that, as the named insured in the policy, Employers should not prevail in this subrogation action. Purex also contends that the Pinckney settlement was not a fair and reasonable settlement because Employers failed to plead the absolute bar of the Workmen's Compensation statute.

The Court will first consider whether the insurer, Employers, is entitled to summary judgment in this subrogation action against its insured, Purex. Employers contends that, having defended American Stevedoring and having settled the tort claim of Pinckney, it is subrogated to all the rights of American Stevedoring, one of which is for indemnification under the February 1, 1971 agreement. Employers claims that it

was its responsibility under the policy to defend the Pinckney claim because the allegations of Pinckney's complaint placed Riley and American Stevedoring within the definition of persons insured under the policy issued to Purex. Employers also contends that the employee exclusion clause of the policy was inoperative under the law of the state wherein the policy was issued in that the word "insured" in the employee exclusion clause has been interpreted in California to mean the insured claiming coverage—in this instance, American Stevedoring. On the other hand, Purex contends that it is entitled to summary judgment because of the long-established rule that an insurance company cannot prevail in a subrogation claim against its named insured.

Employers points out that, even though the policy of insurance issued to Purex specifically excluded employees of Purex, it was obligated to defend the suit brought by Pinckney against Riley and American Stevedoring. Employers contends that, because the automobile liability insurance policy was issued in California to a corporation incorporated and having its principal place of business in California, and because the employee exclusion clause under California law excluded liability only in those instances where the injured employee was an employee of the party to be defended in the lawsuit, it was appropriate for Employers to defend and settle Pinckney's claim even though Pinckney was an employee of Purex, since Riley and American Stevedoring were covered by the omnibus clause of the policy. Although it may well have been appropriate for Employers, pursuant to its interpretation of the policy, to have settled Pinckney's claim, our review of the case law leads this Court to conclude that Employers is not entitled to recover from Purex, its named insured, in this subrogation action.

It is well settled that an insurance company cannot prevail in an action brought against the insured named in its policy, claiming subrogation for sums paid out by it under the policy.[1] "No right of

---

1. This is the law in both Pennsylvania and California. *Turner Construction Co. v. John B.* *Kelly Co.*, 442 F.Supp. 551 (E.D.Pa.1976); *Allegheny College v. Crump, Inc.*, 21 Pa.D. & C.2d

subrogation can arise in favor of the insurer against its own insured, since by definition subrogation arises only with respect to rights of the insured against third persons to whom the insurer owes no duty." 16 Couch on Insurance 2d, § 61:133 (1966 & Supp.1978); *see, e. g., First National Bank of Columbus v. Hansen*, 84 Wis.2d 422, 267 N.W.2d 367 (1978); *Home Insurance Co. v. Pinski*, 160 Mont. 219, 500 P.2d 945 (1972). The courts give various reasons for this rule. Some courts reason that in subrogation the insurer stands in the shoes of the insured and is not entitled to subrogation where the insured has no cause of action against a third party. *Stafford Metal Works, Inc. v. Cook Paint & Varnish Co.*, 418 F.Supp. 56 (N.D.Tex.1976); *Midwest Lumber Co. v. Dwight E. Nelson Construction Co.*, 188 Nev. 308, 196 N.W.2d 377 (1972). Other courts have pointed out that the insurer accepts the risks under the policy in exchange for premiums, and it is not equitable that it be compensated by the insured for a loss paid out under the policy. *First National Bank of Columbus v. Hansen*, 84 Wis.2d 422, 267 N.W.2d 367 (1978); *Chenoweth Motor Co., Inc. v. Cotton*, 2 Ohio Misc. 123, 207 N.E.2d 412 (1965). Other courts have reasoned that it would be against public policy for the insurer to prevail in a subrogation action against its named insured. *Stafford Metal Works, Inc. v. Cook Paint & Varnish Co.*, 418 F.Supp. 56 (N.D.Tex.1976); *Home Insurance Co. v. Pinski*, 160 Mont. 219, 500 P.2d 945 (1972). An insurance company expecting subrogation against the insured named in its policy should so provide in clear and unequivocal terms. *See United States Bank of Oregon v. American Home Assurance Co.*, 347 F.Supp. 311 (D.C.Or.1972), *aff'd*, 505 F.2d 742 (9th Cir. 1974).

■ Employers reasons that, although Purex is the named insured in the policy, it was American Stevedoring which it defended as an insured in the Pinckney action, and, therefore, the general rule should not apply. The Court rejects this reasoning. Purex is the named insured in the policy; Purex paid the premiums for the coverage; and Purex had contracted with American Stevedoring to carry such insurance in connection with the operation of the vehicles. If Employers recovered in this subrogation action against Purex, it would be reimbursed for the loss which Purex paid it premiums to cover. To permit subrogation in this case would be a direct violation of the well-recognized rule of law that, in the absence of a clear and unequivocal understanding to the contrary, an insurer is not entitled to subrogation from its named insured.[2]

## ORDER

AND NOW, this 14th day of August, 1979, upon consideration of the parties' cross-motions for summary judgment, for the reasons set forth in this Court's memorandum dated August 14, 1979, it is hereby ORDERED that the plaintiff's motion for summary judgment is DENIED and the defendant's motion for summary judgment is GRANTED, and judgment is hereby entered in favor of defendant, Purex Corporation, and against plaintiff, Employers of Wausau.

207 (1959); *St. Paul Fire & Marine Insurance Co. v. Murray Plumbing and Heating Corp.*, 65 Cal.App.3d 66, 135 Cal.Rptr. 120 (1976).

**2.** In view of its determination that the defendant is entitled to summary judgment, the Court does not address the issue of whether the Pinckney settlement was fair and reasonable in that Employers failed to plead the Workmen's Compensation statute.